UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-118-FDW

| | |
|---|---|
| **JEANETTE BURCHETTE JOHNSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **LEN D. HAGAMAN,** Sheriff of Watauga County; **PATRICIA THOMAS,** Chief Jailer, Watauga County Detention Center; **BARRY TRIVETTE,** Sergeant, Watauga County Detention Center; **DEE DEE ROMINGER,** Captain, Watauga County Sheriff's Dep't; **GERALD TOWNSEND,** Watauga County Sheriff's Dep't; **AL REED,** Captain, Watauga County Sheriff's Dep't; **BETH BERRY,** Social Worker, Watauga County Dep't of Social Services; **NICKI TRIPLETT,** Social Worker, Watauga County Dep't of Social Services; **CHAD SLAGLE,** Social Worker Supervisor, Watauga County Dep't of Social Services, | ) ORDER |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's *pro se* Complaint which she filed pursuant to 42 U.S.C. § 1983. For the reasons stated herein, Plaintiff's Complaint will be dismissed. See 28 U.S.C. § 1915A(b)(1).

I.   BACKGROUND

According to the Complaint, Plaintiff was a pretrial detainee who was incarcerated in the Watauga County Detention Center on April 5, 2014, when Sheriff Hagaman permitted Patricia

1

Thomas, Barry Trivette, and Al Reed to allow unnamed female jailers "to sexually harass and sexually assault me so many times. Making me feel low down." Plaintiff alleges that these actions were carried out, in part, in an effort to break up her marriage to Robert Johnson. Plaintiff also contends that Gerald Johnson falsely arrested her on charges of animal cruelty and that these charges have led to her false imprisonment, and Plaintiff alleges that Dee Dee Rominger filed false charges of child endangerment against her on April 16, 2014. Plaintiff further alleges that Beth Berry, Nicki Triplett and Chad Slagle illegally removed her children from her mother's home and refused to return them. (5:14-cv-118, Doc. No. 1: Compl. at 4-5).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

III. DISCUSSION

A. Social Worker Defendants

"[F]ederal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters" because matters of domestic relations are traditionally within the province of the state courts. Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006). Because Plaintiff is challenging actions by social workers of the Watauga County Department of Social Services regarding child custody matters, this Court will dismiss this action. The Court further notes that dismissal is also appropriate under the Younger abstention doctrine, which provides that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. See Younger v. Harris, 401 U.S. 37 (1971); Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995) (citing Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Here, Plaintiff's own allegations reveal that there are ongoing proceedings in the North Carolina state courts regarding custody of Plaintiff's minor children. Furthermore, Plaintiff's claims concerning the ongoing child custody matters clearly implicate important state interests. Finally, Plaintiff has an adequate state forum to pursue his claims against the Defendant social workers Beth Berry, Nicki Triplett, and Chad Slagle.

B. Law Enforcement Defendants

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). Plaintiff was a pretrial detainee during the time she alleges that her civil rights were violated by the defendants, therefore her claims arise under the Due Process Clause of the Fourteenth Amendment however "[p]retrial detainees are

3

entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (internal citations omitted).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component – that the harm inflicted was sufficiently serious, and a subjective component – that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In Farmer v. Brennan, the Supreme Court held that the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984) (internal citations omitted)). This is a low standard, as the Supreme Court emphasized that "[p]rison conditions may be restrictive and even harsh." Id. at 833 (internal quotations omitted). To sustain an Eighth Amendment claim, a prisoner must show (1) that the deprivation was objectively sufficiently serious—that is, the deprivation must be a "denial of the minimal civilized measure of life's necessities" and (2) that the defendant was deliberately indifferent to the prisoner's health or safety. Id. at 834 (internal quotations omitted)

The Court finds that the Complaint against the named law enforcement defendants should be dismissed for the simple reason that Plaintiff's contention that Sheriff Hagaman, Patricia Thomas, Barry Trivette, and Al Reed orchestrated a conspiracy to allow <u>unnamed</u> female jailers to sexually assault her is simply fantastical and fails to state a claim for relief.

The Court also notes that despite being ordered to provide proof that Plaintiff exhausted her administrative remedies, Plaintiff has failed to do so and she was duly warned that failure to

4

comply with the order would result in dismissal. See (5:14-cv-118, Doc. No. 3: Order) (citing 42 U.S.C. § 1997e).

IV.     CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's Complaint should be dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice**. (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED**.

Signed: May 29, 2015

Frank D. Whitney
Chief United States District Judge